■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM OUTLAW, Appellant, v WILSON WALTERS, as Superintendent of Ossining Correctional Facility, et al., Respondents. — Appeal by petitioner from a judgment of the Supreme Court, Westchester County (Cerrato, J.), dated May 7, 1981, which dismissed the petition seeking to compel respondents to release him on parole. Appeal dismissed, without costs or disbursements. The petitioner has been restored to parole. Accordingly, the issue raised is academic. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.

## (May 10, 1982)

■ JOHN J. BLANCUZZI, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. — In an action to recover damages for breach of an insurance contract, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Gagliardi, J.), entered June 18, 1981, as, in granting defendant's motion for summary judgment dismissing the complaint, awarded costs and disbursements to the defendant. Appeal dismissed, with $50 costs and disbursements. No appeal lies from a judgment entered on default. Inasmuch as the plaintiff failed to oppose defendant's motion on notice, pursuant to CPLR 8108, to settle the proposed judgment granting defendant's motion for summary judgment and dismissing the complaint, with costs and disbursements, as set forth in its proposed bill of costs, the plaintiff may not now for the first time on appeal assert the contention, pursuant to CPLR 8101, that to allow costs would not be equitable, under all of the circumstances. So much of the judgment which awarded costs and disbursements to the defendant, as the prevailing party in the action, resulted from the plaintiff's default, as above noted, and is not, therefore, the proper subject matter of appellate review (*Wolfensteller v Frank*, 50 AD2d 846). Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.